**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN-PIERRE BANEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-2922-D (BK)** |
| | § | |
| **ERIC H. HOLDER, JR.,** | § | |
| **U.S. Attorney General,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the complaint be dismissed and that Plaintiff be warned that sanctions may be imposed if he persists in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction.

## I. BACKGROUND

In October 2011, Plaintiff filed a *pro se Complaint* against the Department of Justice-Bureau of Prisons (BOP). (Doc. 2 at 1.) Attached to the *Complaint* was a right-to-sue letter issued by the United States Department of Justice on August 3, 2011, permitting Plaintiff to file a civil action against Attorney General Eric H. Holder for employment discrimination and retaliation under the Age Discrimination in Employment Act, the Rehabilitation Act, and Title VII of the Civil Rights Act. *Id.* at 2-3. Because the *Complaint* did not comply with FED. R. CIV. P. 8(a) and Plaintiff had not paid the filing fee, the Court issued a deficiency order directing the filing of an amended complaint and submission of the filing fee or an *in forma pauperis* motion. Although Plaintiff submitted an *in forma pauperis* motion, which the Court subsequently

granted, his *Amended Complaint*, which included only a 2-page list of defendants, again failed to comply with Rule 8(a). (Doc. 7 at 1-3.) The Court, thus, granted Plaintiff a second opportunity to submit a proper complaint. The Court also issued a questionnaire to obtain information about the jurisdictional and factual basis of the complaint.

**A. Plaintiff's Pleadings**

As best as the Court can decipher the vague allegations in the *Second Amended Complaint* and *Answers to Magistrate Judge's Questionnaire*, Plaintiff appears to claim that he was retaliated against by his employer for filing administrative complaints and initiating legal proceedings alleging discrimination in the workplace. (Doc. 9 and 16.) His *Second Amended Complaint* reads in full:

> 1. Personnel Action under Whistleblower Protection Act of Title 5, U.S. Code.
> 2. Reprisal for Protected Disclosure under Whistleblower Protection Act.
> 3. Reemployments rights under USERRA Act.
> 4. Protections rights under USERRA Act, prohibits employers from discriminating against employees because of their service in the Armed Forces or any other uniformed service.
> 5. Violation of Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002.
> 6. Retaliation and Harassment under Title VII of the Civil Rights Act, Regulation: 29 C.F. R. part 1604.11.

(Doc. 9 at 1.)

In response to the Court's inquiry about the underlying facts supporting his Whistleblower Protection Act (Whistleblower Act) claims, Plaintiff responded:

> Since 2003 I had to stand up for oneself, when I came back from Military Active Duty for 9-11 emergency I had no other choice and I will continued until I am made whole. Most of my cases I was Pro se. I have endure [sic] adverse action, harassment, hostile work environment, defamation of character, workplace violence and been place on AWOL so many times, I lost count. The Plaintiff has been very wronged in the past 8 years. I have been in Litigation since 2003 and

> Harmful error did occurred. The EEO (BOP) Director job was to inform the DOJ when I had filed workplace violence against FCI Seagoville (it was covered up). No one should have to put up with 7 times within the last three years!

(Doc. 16, ans. 1(c).)

When asked about the underlying facts supporting his Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") claim, Plaintiff answered:

> I John-Pierre Baney am seeking relief for violation of Tile VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amend [sic], and for violations of the Uniformed Services Employment and Reemployment Rights ("USERRA"), 38 U.S.C. 4301, et seq and the Soldier and Sailors Relief Act 1940. Amend ("SSCRA") 12/19/2003. I was disparately treated on the basis of on race (Caucasian) when in 2009 during a MSPB Hearing the Supervisor refused to let me switch with a Food Service staff, so I could take care of my wife with cancer. He had force [sic] me to use all my sick leave and my annual leave. That staffmember will testify as a witness. My former Food Service Manager will also testify that two Wardens and two Associate Wardens had order [sic] him to destroy me or get rid of me. The Agency has retaliate [sic] for prior EEOC cases, retaliate [sic] for prior USERRA Act cases, retaliate [sic] for prior Whistleblower cases, retaliate [sic] for prior MSPB cases, retaliate [sic] for prior Civil cases.

(Doc. 16, ans. 2 (b).)

Finally, when asked about the underlying facts made the basis of his Federal Employee Anti-discrimination and Retaliation Act claims, Plaintiff reiterated his answer to question 1. He then added the following:

> (a) The Plaintiff has been in protected activity for the past 8 years.
> (b) The facts will show I was retaliated against.
> (c) The Defendants committed these act [*sic*] of retaliation.
> (d) The Bureau of Prisons acted with a retaliatory motive was because the plaintiff had filed Whistleblower Protection Act.
> (e) If the court grants the Plaintiff a court date, the facts will be entering [*sic*] in Court.

(Doc. 16, ans. 3(c).)

Although Plaintiff named more than 60 individuals in his *Second Amended Complaint,*

(Doc. 7 at 1-3), he fails to identify any act or wrongdoing by any specific individual. (Doc. 16, ans 1-3.) Plaintiff also was unable to specify the dates of any of the alleged retaliatory acts. *Id.* By this suit, Plaintiff seeks more than $600,000 in damages, together with 1,316 hours of accrued annual leave and sick leave he claims he lost. (Doc. 16, ans. 5.)

**B. Plaintiff's Filing History**

Plaintiff concedes that he has a long filing history. (Doc. 16, ans. 2(e).) Since 2003, he filed at least (1) five cases in the United States Supreme Court; (2) one case in the United States Court of Appeals for the Fifth Circuit; (3) six civil cases in this Court alone, including this one and a more recent March 2012 case; (4) seventeen cases in the Federal Circuit Court of Appeals; (5) thirty cases with the Merit System Protection Board (MSPB); (6) twenty-five Unfair Labor Practice charges; (7) four Equal Employment Opportunity (EEO) "class action lawsuits;" and (8) thirty EEO cases. *Id.*

All four Northern District cases preceding this one have been dismissed. *See Baney v. Mukasey*, No. 3:06-CV-2064-L, 2008 WL 706917, 2008 WL 2673753 (N.D. Tex. Jan. 9 and Jun. 11, 2008), *recommendations accepted* (N.D. Tex. Mar. 14 and Jun. 30, 2008) (dismissing all claims for failure to state a claim and USERRA claims for lack of jurisdiction), *appeal dismissed for want of prosecution*, No. 08-10880 (5th Cir. 2009); *Baney v. Dep't of Homeland Security, et al.*, No. 3:07-CV0044-P (N.D. Tex. Jul. 17, 2007) (dismissing Title VII, ADEA, USERRA, No Fear Act, Whistleblower Protection Act, HIPPA, EEOC regulations, and defamation claims); *Baney v. Dep't of Justice (Bureau of Prisons)*, 3:07-CV-0922-P (N.D. Tex. Dec. 11, 2007) (dismissing Title VII, USERRA, No Fear Act, and Whistleblower Protection Act claims); *Baney v. Holder et al.*, 3:10-CV-2473-D (N.D. Tex. Mar. 30, 2011) (summarily dismissing at screening

stage discrimination and retaliation claims).[1] *But see Baney v. Holder*, 3:12-CV-0790-P (N.D. Tex. Mar. 15, 2012) (Plaintiff filed a one-line complaint alleging "[d]iscrimination against a federal worker serving in the military and reprisal for prior protected EEO activity," along with a a right-to-sue letter from the U.S. Equal Employment Opportunity Commission. The magistrate judge granted Plaintiff's motion to proceed *in forma pauperis*, issued process, and returned the case to the district judge, where it remains pending).

## II. ANALYSIS

### A. Want of Jurisdiction

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

#### 1. Whistleblower Protection Act Claims

The Court lacks subject matter jurisdiction over Plaintiff's Whistleblower Act claims:

---

[1] Westlaw citations are unavailable except for No. 3:06-CV-2064-L. However, all cases are accessible through CM/ECF and PACER.

> The Whistleblower Act "increases protections for whistleblowers, but it does so within the context of the" Civil Service Reform Act ("CSRA"). *Grisham v. United States*, 1997 U.S. App. LEXIS 12788 (5th Cir. 1997). Chapter 23 of the CSRA establishes the principles of the merit system of employment, 5 U.S.C. § 2301, and forbids an agency to engage in certain "prohibited personnel practices," including unlawful discrimination, coercion of political activity, nepotism, and reprisal against so-called whistleblowers. § 2302. Nonpreference excepted service employees who are not in positions of a confidential or policymaking nature are protected by this chapter, 5 U.S.C. § 2302(a)(2)(B), and are given the right to file charges of "prohibited personnel practices" with the Office of Special Counsel of the MSPB, whose responsibility it is to investigate the charges and, where appropriate, to seek remedial action from the agency and the MSPB. 5 U.S.C. § 1206. Therefore, this Court lacks jurisdiction to hear Plaintiff's Whistleblower Act claim.

*Baney v. Dep't of Justice (Bureau of Prisons)*, No. 3:07-CV-0922-P (N.D. Tex., Dallas Div., Dec. 11, 2007, Doc. 21 at 9-10) (dismissing Whistleblower Act claims for want of jurisdiction). Plaintiff's Whistleblower Act claims in this case, should likewise be dismissed for lack of subject matter jurisdiction.

2. USERRA Claims

The Court also lacks subject matter jurisdiction over Plaintiff's claims that the Department of Justice discriminated against him based on his military status in violation of USERRA. Over the years, Plaintiff unsuccessfully litigated USERRA claims before the MSPB and received adverse decisions. Insofar as Plaintiff requests this Court to review MSPB's prior decisions, he is well aware that this course of action is prohibited since the USERRA provides the Court of Appeals for the Federal Circuit, not the district courts, with jurisdiction over complaints by federal employees. *See* 38 U.S.C. § 4324(d)(1); *Baney*, No. 3:07-CV-0922-P, Op. at 7-8 (N.D. Tex. Dec. 11, 2007) (*citing Johnson v. Director, Office of Workers Compensation,* 2001 WL 1116788, at *1 (9th Cir. 2001) (determining that court lacks subject matter jurisdiction

to review USERRA complaint from a federal employee because the Federal Circuit has appellate review of MSPB decisions)); *Baney*, No. 3:06-CV-2064-L, 2007 WL 1944462, *4 (N.D. Tex. Jun. 27, 2007) (same). Accordingly, Plaintiff's USERRA claims should be dismissed for lack of subject matter jurisdiction.

**B. Remaining Claims**

Because Plaintiff is proceeding *in forma pauperis*, his remaining claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff's remaining claims, even when liberally construed with all possible deference due a *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), should be dismissed as frivolous. Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his *Second Amended Complaint* and answers to the Court's questionnaire are a "'hodgepodge of incoherent ramblings' that have no discernable basis in fact or law." *See Crenshawv. Transicare, Inc.,* No. 3-10-CV-1861-0-BD, 2010 WL 5387619 at *2 (N.D. Tex. Dec. 6, 2010), *rec. adopted,* 2010 WL 5209305 (N.D. Tex. Dec. 17, 2010) (*quoting Malveaux* v. *Brice, Linden, Vander* & *Wernick, P.C.,* No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010)).

Although the Court twice granted Plaintiff an opportunity to amend his complaint to bring it in compliance with Rule 8(a), and propounded a questionnaire to obtain additional

information about the factual basis of this suit, Plaintiff has failed to provide meaningful allegations and/or answers. Plaintiff alleges no facts to establish a discriminatory or retaliatory motive. Instead, he merely alleges that "[t]he facts will show I was retaliated against." (Doc. 16, ans. 3(c).) This Court previously found similar conclusory allegations by Plaintiff sufficient to justify *sua sponte* dismissal, at the screening stage, for failure to state a claim upon which relief can be granted. *See Baney v. Holder, et al.*, No. 3:10-CV-2473-D, Recom. at 4 (N.D. Tex. Jan. 21, 2011) (*citing Buerger v. Southwestern Bell Tel. Co.*, 982 F.Supp. 1247, 1251 (E.D. Tex. 1997) (dismissing Title VII retaliation claim against employer where plaintiff failed to allege any facts to support such a claim)), *recommendation accepted* (N.D. Tex. Mar. 30, 2011).

Here, "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986). Thus, Plaintiff's remaining discrimination and retaliation claims under Title VII and the Federal Employee Anti-discrimination and Retaliation Act should be dismissed with prejudice as frivolous.

**C. Sanction Warning**

In light of Plaintiff's extensive filing history complaining of discriminatory and retaliatory employment practices and the dismissal of four prior actions in this Court, Plaintiff should be warned that if he persists in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind *in forma pauperis* and/or without prior court approval. See FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to

command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims under the Whistleblower Protection Act and USERRA be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction, and that his remaining claims be **DISMISSED** with prejudice as frivolous. It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if he persist in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction.

SIGNED May 7, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE